USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/28/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CRAIG F. PIAZZA,
Individually and On Behalf of All Others
Similarly Situated,

                Plaintiffs,
v.

NEVSUN RESOURCES LTD, et al.,

                Defendants.

ANNA GOLDBERG,
Individually and On Behalf of All Others
Similarly Situated,

                Plaintiffs,
v.

NEVSUN RESOURCES LTD, et al.,

                Defendants.

**ORDER**

12 Civ. 1845 (PGG)

12 Civ. 2322 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        These are two securities class actions brought separately by Plaintiff Craig Piazza and Plaintiff Anna Goldberg on behalf of purchasers of Nevsun Resources' common stock between March 31, 2011 and February 6, 2012. (Piazza v. Nevsun Resources Ltd., 12 Civ. 1845 Cmplt. ¶ 1; Goldberg v. Nevsun Resources Ltd., 12 Civ. 2322 Cmplt. ¶ 1) Piazza has filed a motion seeking consolidation of these actions, appointment as Lead Plaintiff, and approval of his choice of Lead Counsel. No opposing affidavits or motions have been filed in either case.

        For the reasons discussed below, this Court will grant the motion for consolidation, designate Piazza as Lead Plaintiff, and designate his counsel – Kaplan Fox & Kilsheimer LLP and Rigrodsky & Long, P.A. – as co-Lead Counsel.

## DISCUSSION

### I. CONSOLIDATION

Fed. R. Civ. P. 42(a) provides that a district court may consolidate "actions before the court involv[ing] a common question of law or fact." See Fed. R. Civ. P. 42(a). "'A determination on the issue of consolidation is left to the sound discretion of the court,'" In re UBS Auction Rate Sec. Litig., No. 08 Civ. 2967 (LMM), 2008 WL 2796592, at *4 (S.D.N.Y. July 16, 2008) (quoting Albert Fadem Trust v. Citigroup Inc., 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002)), and involves weighing considerations of convenience, judicial economy and cost reduction while insuring that the "paramount concern for a fair and impartial trial" is honored. Johnson v. Celotex Corp., 899 F.2d 1281, 1284, 1285 (2d Cir. 1990).

Here, there are compelling reasons to consolidate these class actions. Both cases arise from the same alleged misrepresentations or omissions by Nevsun regarding the operation of a gold, copper, silver, and zinc mine located in Eritrea. (Piazza v. Nevsun Resources, 12 Civ. 1845 Cmplt. ¶ 2; Goldberg v. Nevsun Resources, 12 Civ. 2322 Cmplt. ¶¶ 10-11) Moreover, the parties assert similar claims under Sections 10(b) and 20(a) of the Exchange Act, (Piazza v. Nevsun Resources, 12 Civ. 1845 Cmplt. ¶¶ 44-52; Piazza v. Nevsun Resources, 12 Civ. 2322 Cmplt. ¶¶ 42-56), and there is substantial overlap as to named defendants. (Piazza v. Nevsun Resources, 12 Civ. 1845 Cmplt. ¶¶ 17-24; Piazza v. Nevsun Resources, 12 Civ. 2322 Cmplt ¶¶ 4-9)) Accordingly, pursuant to Rule 42(a), these two actions – as well as any other related Nevsun class actions hereafter filed in or hereafter transferred to this Court – are consolidated.

These actions shall be referred to collectively as In re: Nevsun Resources Ltd., No. 12 Civ. 1845 (PGG) (the "Consolidated Nevsun Resources Class Action"). The Clerk of this Court shall file a copy of this Order in the separate file for each of the above-captioned Nevsun Resources class action cases. Unless otherwise ordered by this Court, future filings in any

2

Nevsun Resources class action case herein consolidated shall be filed and docketed only under docket number 12-cv-1845-PGG. All counsel who have entered appearances in any of the above-captioned class action cases shall be deemed to have entered an appearance in the Consolidated Nevsun Resources Class Action under the docket number 12-cv-1845-PGG. All motions for admission pro hac vice and all orders granting such motions in any of the two above-captioned actions shall also be deemed filed in the Consolidated Nevsun Resources Class Action under the docket number 12-cv-1845-PGG.

Counsel is directed to alert the Clerk of this Court to the filing or transfer of any case that might properly be consolidated as part of this litigation. Any class action involving substantially related questions of law and fact hereafter filed in or transferred to this Court shall be consolidated under the master file number assigned to this case.

Every pleading filed in the Consolidated Nevsun Resources Class Action shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: NEVSUN RESOURCES LTD.

12 Civ. 1845 (PGG)

The Court's consolidation order does not make any person, firm, or corporation a party to any action in which the person or entity has not been named, served, or added as such in accordance with the Federal Rules of Civil Procedure.

## II. SELECTION OF LEAD PLAINTIFF AND LEAD COUNSEL

### A. Legal Standard

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires district courts to appoint as lead plaintiff the "member or members of the purported plaintiff class that

the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i); Sgalambo v. McKenzie, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (citing 15 U.S.C. §78u-4(a)(3)(B)) Under the PSLRA, there is a rebuttable presumption that the most adequate lead plaintiff is "the 'person or group of persons' who meet(s) the following three criteria: (1) the candidate must have 'filed the complaint or made a motion in response to a notice;' (2) the candidate must have 'the largest financial interest in the relief sought by the class,' and (3) the candidate must 'otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure.'" Sgalambo, 268 F.R.D. at 173.

"At the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a 'preliminary showing' that it will satisfy the typicality and adequacy requirements of Rule 23.'" Id. (citing In re Bank of America Corp. Sec. Deriv. & ERISA Litig., 258 F.R.D. 260, 268 (S.D.N.Y. 2009) (quoting Kaplan v. Gelfond, 240 F.R.D. 88, 94 (S.D.N.Y. 2007)). "Typicality is established where the claims of the [l]ead [p]laintiff arise from the same course of conduct that gives rise to the claims of the other class members, where these claims are based on the same legal theory, and where the class members and [l]ead [p]laintiff were injured by the same conduct." Glauser v. EVCI Ctr. Colls. Holding Corp., 236 F.R.D. 184, 188-89 (S.D.N.Y. 2006) (citing Dietrich v. Bauer, 192 F.R.D. 119, 124 (S.D.N.Y. 2000)). "The adequacy requirement is satisfied where the proposed [l]ead [p]laintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class. . . ." Id. at 189 (citing Dietrich, 192 F.R.D. at 126)

"That the presumption is rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient." Goldberger v. PXRE Group, Ltd, 2007 WL 980417,

4

at *2 (S.D.N.Y. Mar. 30, 2007) (citing Cavanaugh v. U.S. Dist. Ct. for the N. Dist. of Cal., 306 F.3d 726, 729 n. 2 (9th Cir. 2002)). "Rather, the presumption can be rebutted 'only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff- (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" Id. at *2-3 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

Finally, under the PSLRA, the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "The court should generally employ a deferential standard in reviewing the lead plaintiff's choices." In re Smith Barney Transfer Agent Litigation, 2006 WL 991003, at * 6 (S.D.N.Y. Apr. 17, 2006) (citation omitted).

### B. Lead Plaintiff and Lead Counsel Determinations

Piazza purchased 5000 shares of Nevsun common stock, and suffered losses in the amount of $14,099.92. (MacFall Decl., Ex. A) No other investor has come forward to dispute that Piazza has the largest financial interest in the relief sought by the class.

Moreover, Piazza has made the "preliminary showing" of typicality and adequacy necessary under Rule 23 at this stage of the proceedings. Sgalambo, 268 F.R.D. at 173. Piazza purchased Nevsun common stock during the Class Period, and therefore his claims "arise from the same course of conduct that gives rise to the claims of the other class members." Glauser, 236 F.R.D. at 189. Given that there is no evidence that Piazza is subject to unique defenses or seeks anything inconsistent with the relief sought by other class members, this Court further finds that Piazza will adequately represent the class.

As to selection of Lead Counsel, Piazza has moved for the appointment of his counsel, Kaplan Fox and Ridgrodky & Long. These two firms are highly experienced in securities class actions (see MacFall Decl., Exs. C, D), and this Court finds that they are capable of adequately representing the class in this action. Accordingly, Kaplan Fox and Ridgrodky & Long will be appointed to serve as co-Lead counsel.

Lead Counsel shall be responsible for:

(1) signing any future amended complaints, motions, briefs, discovery requests, objections, stipulations, or notices on behalf of plaintiffs for any matters arising during pretrial proceedings;

(2) conducting all pretrial proceedings on behalf of plaintiffs;

(3) briefing and arguing motions;

(4) initiating and conducting discovery;

(5) speaking on behalf of plaintiffs at any pretrial conference;

(6) employing and consulting with experts;

(7) conducting settlement negotiations with defense counsel on behalf of plaintiffs;

(8) calling meetings of plaintiffs' counsel;

(9) accepting service on behalf of all plaintiffs;

(10) distributing to all plaintiffs' counsel copies of all notices, orders, and decisions of this Court, including this order;

(11) maintaining an up-to-date list of counsel available to all plaintiffs' counsel on request; and

(12) keeping a complete file of all papers and discovery materials filed or generated in this action, which shall be available to all plaintiffs' counsel at reasonable hours.

### III. SCHEDULING AND ADMINISTRATION

Plaintiffs and Defendants in the Consolidated Nevsun Class Action will confer to discuss a schedule for pleadings, including deadlines for the filing and service of:

(1) A consolidated amended complaint for the Consolidated Nevsun Resources Class Action;

(2) Defendants' responses to the consolidated amended complaint; and

(3) A briefing schedule for any motions to dismiss the consolidated amended complaint.

By July 6, 2012, Plaintiffs and Defendants in the Consolidated Nevsun Resources Class Action will submit a joint letter containing their proposed schedule for the filing and service of such pleadings and motion papers.

The parties are directed to consult Paragraph 3(C) of this Court's Individual Practices before filing any motion papers.

Pending the filing and service of a consolidated amended complaint, Defendants in the above-captioned class action cases shall have no obligation to move, answer, or otherwise respond to any of the complaints in the actions consolidated herein or any actions subsequently consolidated with them for all purposes pursuant to Rule 42(a).

The complaints in the individual consolidated actions shall be deemed withdrawn and shall be dismissed ten days after the filing of the consolidated amended complaint, unless the plaintiffs that initially filed said complaint, no later than ten days after the consolidated amended complaint's filing, show cause why their complaint should not be dismissed.

In issuing this Order, this Court makes no ruling and expresses no opinion on any class certification issues, and defendants are deemed to have reserved all rights to oppose certification of a putative class.

## CONCLUSION

For the foregoing reasons, Piazza's motion for consolidation, for appointment as Lead Plaintiff, and for appointment of Kaplan Fox and Rigrodsky & Long as Lead Counsel, is

7

GRANTED. The Clerk of the Court is directed to terminate the motion (12 Civ. 1845, Dkt No. 12).

Dated: New York, New York
 June 28, 2012

                            SO ORDERED.

                            Paul G. Gardephe
                            United States District Judge